## GODBOLD & ANDRESS, ADM'RS. v. ROBERTS, ADM'R.

1. A plea of set off, to a suit brought by an administrator, is not answered by a replication that the estate has been declared insolvent. If in such a case a balance is found in favor of the defendant, judgment will not be entered against the administrators, but the amount will be certified to the Orphans' Court as a claim against the estate.

Error to the County Court of Monroe.

Debt by the defendant, against the plaintiffs in error, on a promissory note of the defendant's intestate.

Plea, that the plaintiff's intestate was indebted to the intestate of the defendant, in a larger amount than the note sued on.

Replication, that the estate of the plaintiff's intestate had been declared insolvent; to which the defendant demurred. The Court overruled the demurrer, and the defendants failing to plead over, and by leave of the Court withdrawing their plea, thereupon the Court rendered judgment by *nil dicit.*

The defendants prosecute this writ, and assign for error the judgment of the Court on the demurrer to the replication.

BLOUNT, for plaintiffs in error, cited 3 Stewart, 151.

LESLIE, contra.

ORMOND, J.—The case cited is a full authority to the point, that the plea of off set, was not answered by the replication that the estate had been declared insolvent. The counsel for the defendant in error insists that the replication is good, from the consequences which must result from the act of 1843, (Clay's Dig. 195, § 13,) considered in connection with the statute of set off, (Clay's Dig. 338, § 141.) The first cited act, merely declares that no suit shall abate on the plea that the estate has been declared insolvent since the suit was brought, but that the issues shall be tried, and if found against the executor, or administrator, the result shall be certified to the Orphans' Court. The last act authorizes a judgment in favor of the defendant for the excess, when, under the plea of set off, it is found that the plaintiff was indebted to the defendant in a larger sum than the amount sued for. But these statutes do not affect the right of a defendant to plead a set off, although the estate may be declared insolvent. In such a case, if there be an excess found to be due the defendant, over and above the plaintiff's demand, a judgment would not be rendered against the plaintiff, as executor, but against the estate, and the excess would be certified to the Orphans' Court, as a debt due the defendant, from the estate of the plaintiff's testator or intestate.

It results from this view, that the replication was no answer to the plea, and the demurrer to it should have been sustained.

It is now admitted upon the record, by the agreement of both parties, that there are other pleas filed which do not appear upon the record. This, changes, what would otherwise

be the result of the case. We must intend that the pleas withdrawn, were the pleas not demurred to. No other construction can be put upon this general expression, found in the judgment, when considered in connection with the fact, that the defendant declined to plead further, when his demurrer was overruled.

Let the judgment of the Court be reversed, and the cause remanded.